[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This appears to be a case of first impression in Connecticut. The dispositive issue in regard to this motion is whether or not a supervisory employee of the State of Connecticut is liable, individually or in his official capacity, under the Connecticut Fair Employment Practice Act (CFEPA). Recently, the United States District Court for the District of Connecticut, Thompson, J., in the Sotos case, certified this issue to the Connecticut Supreme Court.[1]
This is an action brought in three counts. The first count is for violation of CFEPA § 46a-60 (a)(1), Title VII of the Civil Rights Acts of 1964, as amended, and the Civil Rights Act of 1991. The second count is for the intentional infliction of emotional harm and the third count is for the negligent infliction of emotional harm. Plaintiff is a black employee of the Connecticut Department of Labor (DOL) who was supervised by the defendant James Acas (Acas).
Plaintiff alleges that she was treated differently than white employees as a result of her being black to her detriment and that she suffered emotional harm as a result of Acas' supervision. DOL is a defendant as to all three counts. Acas is a defendant as to all three counts both in his official capacity as a DOL supervisor and also in his individual capacity. Defendants have moved to dismiss, for lack of subject matter jurisdiction, count one against Acas in his official capacity and against Acas in his individual capacity, count two against DOL and against Acas in his official capacity, and count three against DOL and against Acas in his official capacity and his individual capacity.
In the plaintiff's brief, she has conceded that the motion to CT Page 12968 dismiss should be granted on count three as to all defendants and that the motion to dismiss should be granted on count two against DOL and against Acas in his official capacity.
Accordingly, count three is dismissed in its entirety and count two is dismissed as to DOL and Acas in his official capacity. This leaves count two for intentional infliction of emotional harm against Acas individually and count one against DOL and against Acas in his official and individual capacities. The motion to dismiss does not seek to dismiss count one against DOL or count two against Acas in his individual capacity.
The remaining part of the motion to dismiss is on count one, violation of CFEPA, and Title VII etc.; against Acas both individually and in his official capacity, which motion to dismiss is contested.[2]
CGS § 46a-60 (a) sets forth the meaning of a discriminatory practice. It states, in pertinent part, that "(a) It shall be a discriminatory practice in violation of this section:
(1) For an employer, by himself or his agent,. . . .to discriminate against him (any individual employee) in compensation or in terms, conditions or privileges of employment because of the individual's race, color, religious creed, age, sex, marital status. . . ."
The question, then, on this section is whether or not Acas is an employer. The definition of employer is found in CGS §46a-51 (10) as follows:
"`Employer' includes the state and all political subdivisions thereof and means — any person or employer with three or more persons in his employ."
The court finds that the phrase "with three or more persons in his employ" modifies both employer and person. Clearly, Acas does not have three or more persons in his employ. The employees who work under his supervision were not hired by him individually and he does not compensate them. The State of Connecticut is their employer. Further, Acas fits the definition of "Employee". Under Section (9) of CGS § 46a-51, employee is defined as follows: CT Page 12969
"(9)`employee' means any person employed by an employer . . ."
Clearly, Acas is employed by the State of Connecticut Department of Labor. He cannot be, in this case, an Employee and an Employer at the same time.
Also, § 46a-60 (a)(5) states in pertinent part:
"For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any act declared to be a discriminatory employment practice or to attempt to do so." This is in the definition of discriminatory employment practice. It is interesting to note that in subparagraph (5) the legislature made a distinction between employer and employee and said that either one or both could be liable for the discriminatory employment practice cited in Section (5). The General Assembly had an opportunity in subsection (1) to insert similar language that would make an employee or a supervising employee liable but chose not to do so. It is a basic rule of statutory construction that when the legislature had an opportunity to include someone in those class of entities that are prohibited from doing something, the legislature intended, by omission, not to include such class, in this case employee or supervising employee[3]. The legislature specifically included employees in subparagraph (5) and had the opportunity to do so in subparagraph (1) but chose not to do so. Admittedly, the word "person" in § 46a-51 (10) does seem to be redundant. However, taking the statutes as a whole, both 46a-51 and 46a-60, it is clear the legislature did not intend to include employees, whether supervisory or not, under § 45a-60 (a)(1). There is no legislative intent to hold an individual employee liable under § 46a-60 (a)(1). It has been stated that this section is remedial in nature and, therefore, should be expanded to include a supervisor employee because that would be in keeping with the intent to eliminate all discrimination in state service. Although that may be the goal, it is up to the legislature to change the law to so provide and not for this court to insert a meaning in the statute when the plain language of the statute, as it stands, means otherwise. Accordingly, there is no jurisdiction over Acas in his individual capacity under count one and, therefore, count one is dismissed as to Acas in his individual capacity.
As for count one against Acas in his official capacity, the plain language of § 46a-60 (a)(1) is that an employer may be held liable by "his agent". This clearly means that the state is CT Page 12970 liable for the actions of its employees under the principle of respondent superior. There is no language in this section that makes the employee liable in his official capacity. Any liability he may have for his actions are imputed to his employer, the State of Connecticut. This is from the plain language of the statute. Acas, therefore, is an agent of the state and not liable in his official capacity. Accordingly, this court has no jurisdiction in this case over Acas in his official capacity, and the motion to dismiss count one as to him in his official capacity is also granted
RITTENBAND, J.