ANNE FRANK *v.* DEPARTMENT OF PARKS AND RECREATION OF THE TOWN OF GREENWICH
(AC 22888)

Bishop, McLachlan and Mihalakos, Js.

Argued June 5—officially released August 12, 2003

*Leon M. Rosenblatt*, with whom, on the brief, was *Lynn M. Mahoney*, for the appellant (plaintiff).

*Aamina Ahmad*, assistant town attorney, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Anne Frank, brought an action pursuant to General Statutes § 31-72[1] against

[1] General Statutes § 31-72 provides: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive, or fails to compensate an employee in accordance with section 31-76k or where an employee or a labor organization representing an employee institutes an action to enforce an arbitration award which requires an employer to make an employee whole or to make payments to an employee welfare fund, such employee or labor organization may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between him and his employer for payment of wages other than as specified in said sections shall be no defense to such action. The Labor Commissioner may collect the full amount of any such unpaid wages, payments due to an employee welfare fund or such arbitration award, as well as interest calculated in accordance with the provisions of section 31-265 from the date the wages or payment should have been received, had payment been made in a timely manner. In addition, the Labor Commissioner may bring any legal action necessary to recover twice the full amount of unpaid wages, payments due to an employee welfare fund or arbitration award, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court. The commissioner shall distribute any wages, arbitration awards or payments due to an employee welfare fund collected pursuant to this section to the appropriate person."

the defendant, the department of parks and recreation of the town of Greenwich (department), for unpaid wages.[2] The trial court dismissed the action for lack of subject matter jurisdiction because of the failure of the plaintiff to exhaust the grievance procedures established in the collective bargaining agreement, which were capable of providing relief for her claim. The dispositive issue in this appeal is whether the plaintiff was excused from exhausting the grievance procedures under the collective bargaining agreement because use of the grievance procedures would have been futile before commencing an action in the Superior Court. We reverse the judgment of the trial court.

The following facts and procedural history are necessary for the resolution of the plaintiff's claim. In 1983, the plaintiff began employment with the defendant as an account clerk. In 1987, the plaintiff's direct supervisor[3] began having an affair with Joseph Siciliano, who held the positions of superintendent and acting director of marine facilities and operations for the department.

Throughout the course of the affair, the plaintiff's supervisor and Siciliano would leave their respective offices during business hours and be unavailable. As a result, the plaintiff had to perform her job responsibilities and those of her frequently absent supervisor. That, in turn, caused her to work numerous hours of overtime without pay.

To compensate the plaintiff for that overtime, her supervisor asked her to keep track of her hours and told her that she could use them as compensatory time. Accordingly, the plaintiff kept her own records of her

---

[2] The plaintiff is now deceased, and Jennifer Frank was appointed administratrix of her estate and has been substituted as the plaintiff in this action as of April 10, 2003.

[3] The supervisor held the position of executive secretary of the department.

hours and routinely presented them in a request to take time off from work, which the supervisor consistently approved. At one point during the affair, the plaintiff had accumulated 1500 hours of compensatory time.

In 1998, almost eleven years after it had started, the affair ended when the supervisor left for other employment. In or about September, 1998, Siciliano became the director of the department and the plaintiff's direct supervisor. In 2000, Siciliano forbade the plaintiff from taking additional compensatory time. The plaintiff then had 800 hours of compensatory time remaining, which were worth approximately $28,700.

In her complaint, the plaintiff alleged that when she protested the denial of her earned compensatory time, Siciliano retaliated by removing many of her responsibilities, and she was not allowed to work overtime hours while other employees were allowed overtime. The plaintiff further alleged that on November 26, 2000, she submitted a grievance to her union and that the union did not process the grievance for two months. When the union responded to her grievance, it concluded that the plaintiff had no grounds for a grievance.[4]

The plaintiff commenced this action on August 22, 2001. Count one of the complaint alleged that she was seeking to recover unpaid wages, including double dam-

---

[4] In a letter dated January 16, 2001, the second vice president of the Greenwich Municipal Employee's Association (union), wrote to the plaintiff the following: "I spoke to [the union president] late Friday afternoon and, unfortunately, her answer was that this is not grounds for a grievance. Unless you have something in writing, [the union] cannot do anything pertaining to the problem we spoke about. I explained everything to [the union president] and she stated that unless we can prove that something in our contract was violated, there is no grievance. I don't know what else to say except that I'm sorry. If you have any other questions, give me a call or you can call [the union president] and speak with her but, unfortunately my hands are tied. I didn't mean to give you any false hopes because I really thought something could be done. Again, I'm sorry but I have to go by the President's ruling on this as she knows more about grievances than I do."

ages and attorney's fees pursuant to General Statutes §§ 31-68 and 31-72. Count two of the complaint alleged that she had been discriminated and retaliated against for asserting her rights to payment of wages for her compensatory time. Count three of the complaint alleged that the defendant had breached the promise made by the plaintiff's supervisor to allow her compensatory time as payment for unpaid overtime.

Subsequently, the defendant filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction because the plaintiff, a union member, had not exhausted the grievance procedures established by the collective bargaining agreement.[5] The court granted the defendant's motion, concluding that it lacked subject matter jurisdiction to hear the plaintiff's case because she had failed to exhaust her remedies as established by the grievance procedures in the collective bargaining agreement. This appeal followed.

"The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . Furthermore, whether subject matter jurisdiction exists is a question of law, and our review of the court's resolution of that question is plenary." (Citation omitted; internal quotation marks omitted.) *Berlin Batting Cages, Inc.* v. *Planning & Zoning Commission*, 76 Conn. App. 199, 203–204, 821 A.2d 269 (2003).

---

[5] The defendant also challenged in its motion to dismiss the adequacy of service of process. The court found proper service, and the defendant has not appealed from that finding.

The first issue to be determined is whether the grievance procedures established in the collective bargaining agreement were capable of providing relief for the plaintiff's claim. If so, the court was without jurisdiction.

It is well established that "a trial court lacks subject matter jurisdiction to hear an employee's claim for wages under General Statutes § 31-72 until the employee has exhausted his or her administrative remedies by complying with the grievance procedure specified in an applicable collective bargaining agreement." *Tooley* v. *Metro-North Commuter Railroad Co.*, 58 Conn. App. 485, 486–87, 755 A.2d 270 (2000). "The purpose of the exhaustion requirement is to encourage the use of grievance procedures, rather than the courts, for settling disputes. A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. . . . [I]t would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." (Internal quotation marks omitted.) *Labbe* v. *Pension Commission*, 229 Conn. 801, 811–12, 643 A.2d 1268 (1994).

Nevertheless, our Supreme Court has "grudgingly carved several exceptions from the exhaustion doctrine . . . including one where the administrative remedy is inadequate or futile." (Internal quotation marks omitted.) Id., 812.

It has been held that an action is "futile . . . when such action could not result in a favorable decision and invariably would result in further judicial proceedings. . . . The plaintiff's preference for a particular remedy

does not determine the adequacy of that remedy. [A]n administrative remedy, in order to be adequate, need not comport with the plaintiff['s] opinion of what a perfect remedy would be." (Citation omitted; internal quotation marks omitted.) *Breiner* v. *State Dental Commission*, 57 Conn. App. 700, 705, 750 A.2d 1111 (2000). The guiding principle in determining futility is that the "law does not require the doing of a useless thing." (Internal quotation marks omitted.) *Labbe* v. *Pension Commission*, supra, 229 Conn. 813.

In the present case, article 7 A of the collective bargaining agreement describes the procedure to be followed when an employee accrues overtime. It provides that "[b]y mutual agreement of the employee and the employee's supervisor, in lieu of cash payment for overtime, an employee may be granted compensatory time at the applicable rate in accordance with this section. Compensatory time must be used within *sixty (60) calendar days* of the date on which it was earned and *may be accumulated to a maximum of thirty-five (35) hours.*" (Emphasis added.)

The gravamen of the plaintiff's argument is that notwithstanding the provisions in the collective bargaining agreement that set a cap for the number of hours an employee can accumulate as compensatory time (thirty-five hours) and the time frame in which those hours should be used (sixty days), the court determined that the agreement was capable of providing relief for the plaintiff's claim of 800 hours of compensatory time.

In determining that the grievance procedures established in the collective bargaining agreement were capable of providing relief for the plaintiff's claim, the court relied primarily on *Housing Authority* v. *Papandrea*, 222 Conn. 414, 432, 610 A.2d 637 (1992), *Fish Unlimited* v. *Northeast Utilities Service Co.*, 254 Conn. 1, 19, 756 A.2d 262 (2000), overruled in part on other grounds,

*Waterbury* v. *Washington*, 260 Conn. 506, 545, 800 A.2d 1102 (2002), and *Polymer Resources, Ltd.* v. *Keeney*, 227 Conn. 545, 562–63, 630 A.2d 1304 (1993), each for different legal propositions, which are distinguishable from the present action. First, the court relied on *Housing Authority* v. *Papandrea*, supra, 431–32, for the proposition that when an agency expresses its position in a letter that is adverse to the plaintiff's claim, that in itself does not relieve the plaintiff of the obligation to pursue administrative remedies in an effort to persuade the agency that its position is legally incorrect. Our Supreme Court has made it clear that the latter proposition is inapplicable in the labor setting, as here, where an administrative agency is not involved. *Labbe* v. *Pension Commission*, supra, 229 Conn. 814–15. That is because the commissioner in an administrative agency setting, even after taking a position adverse to the plaintiff, has independent legal authority to change his or her position. Id., 814.

In the labor setting, however, the arbitrator has no authority to award relief to the plaintiff that is not allowed under the terms of the collective bargaining agreement. That is because the provisions of the collective bargaining agreement are "solely the product of negotiations between the signatories to the collective bargaining agreement. Once the signatories reached an agreement on the interpretation of the [relevant] provision[s], there was no independent legal authority capable of compelling a different interpretation, and neither signatory considered itself as having any discretion to interpret the provision differently. Thus, the [collective bargaining] agreement contained the parties' final positions on the issue." Id., 814.

In the present case, article 22 F of the collective bargaining agreement clearly states that the "arbitrator(s) shall have no power to add to, subtract from or in any way change or modify any of the provisions

of this Agreement nor to render any decision which conflicts with a law, ruling or regulation binding upon the Town. The arbitrator(s) shall likewise have no power to imply any obligation upon either the Town or the Association which is not specifically set forth in an express provision of this Agreement. . . ."

Put succinctly, the remedy provided under article seven of the collective bargaining agreement was inadequate because the arbitrator had no authority to grant the plaintiff more than thirty-five hours even though she had accumulated 800 hours of overtime over the course of almost eleven years. Furthermore, the arbitrator was without authority to order compensation for the hours, which were not used within sixty days after they were accrued.

The court next relied on *Fish Unlimited* v. *Northeast Utilities Service Co.*, supra, 254 Conn. 19, for the proposition that the mere possibility that an administrative agency may deny a party the specific relief requested is not a ground for claiming futility. Unlike the situation in *Fish Unlimited*, this case does not involve an administrative agency, but rather a collective bargaining agreement, which explicitly allowed for compensation for only thirty-five of the 800 hours requested by the plaintiff and which required the hours to be used within sixty days after they were accumulated. It was, therefore, certain that the plaintiff could not have received the relief she sought.

Last, the court relied on *Polymer Resources, Ltd.* v. *Keeney*, supra, 227 Conn. 562–63, for the proposition that an administrative remedy does not become futile simply because an agency has pronounced a position adverse to the plaintiff but remains willing to negotiate. It is true that the defendant, through the union, offered the plaintiff $5656.16 in exchange for her claim of approximately $28,700. The defendant, however, has

indicated to us no evidence in the record to support its claim that it remained willing to negotiate with the plaintiff after she rejected its offer. Given the limitations placed on the arbitrator's authority, we conclude that it would have been futile for the plaintiff to follow the procedures established in the collective bargaining agreement. We conclude, therefore, that the court improperly dismissed the case for lack of subject matter jurisdiction.[6]

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[6] As well, the defendant argued in its brief that in contravention of article twenty-two of the collective bargaining agreement, the plaintiff filed her grievance with her union as opposed to the director of human resources and, thus, did not take the proper steps to exhaust her remedies, as provided in the collective bargaining agreement. Because we conclude that article seven of the collective bargaining agreement does not provide the plaintiff with an adequate remedy, it would have been an exercise in futility to require her to follow procedures, which would not have given her any relief. Accordingly, that argument must fail.