TERRY RICHARDSON *v.* COMMISSIONER OF
CORRECTION ET AL.
(AC 24598)

Lavery, C. J., and Bishop and Hennessy, Js.

Submitted on briefs December 2, 2004—officially released January 18, 2005

*Terry Richardson*, pro se, the appellant (plaintiff), filed a brief.

*Richard Blumenthal*, attorney general, *Henri Alexandre* and *Richard T. Biggar*, assistant attorneys general, filed a brief for the appellees (defendants).

*Opinion*

PER CURIAM. The pro se plaintiff, Terry Richardson, appeals from the judgment of the trial court, rendered

following the granting of the motion for summary judgment filed by the defendants, the commissioner of correction and Virginia Golemba, John O'Neill and Gary Wright, employees of MacDougall-Walker Reception/Special Management Unit (MacDougall), the prison where the plaintiff is incarcerated. The plaintiff claims that the court improperly held that he failed to exhaust his administrative remedies. We disagree and affirm the judgment of the trial court.

On March 16, 2001, the plaintiff brought this action against the defendants, alleging denial of jobs, programs and legal mail, retaliation for filing a lawsuit, denial of access to the courts and the impairment of his parole possibilities. Before trial, the plaintiff and the defendants filed motions for summary judgment. In its memorandum of decision on those motions, the court found that the plaintiff had not alleged that he had filed a grievance or sought administrative review of the claims that he raised in his complaint, and, therefore, he failed to exhaust his administrative remedies. The court granted the defendants' motion for summary judgment, denied the plaintiff's motion for summary judgment and rendered judgment dismissing the plaintiff's action. This appeal followed.

As an initial matter, we set forth the proper standard of review of a trial court's decision granting a motion for summary judgment. "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse

claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202, 663 A.2d 1001 (1995); see also Practice Book § 17-49. "Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

The plaintiff claims that the defendants violated his state and federal constitutional rights.[1] "It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . . The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief . . . ." (Citations omitted; internal quotation marks omitted.) *Simko* v. *Ervin*, 234 Conn. 498, 503–504, 661 A.2d 1018 (1995). This requirement also is applicable to federal claims. "The United States Supreme Court in *Porter* v. *Nussle*, 534 U.S. 516, 519, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), addressed the obligation of inmates, who claim their federal rights were denied while they were incarcerated, to exhaust

[1] In their briefs, the parties dispute whether the plaintiff's claims are state or federal constitutional claims. We find that this is a distinction without a difference because the exhaustion doctrine applies to both state and federal constitutional claims.

prison grievance procedures before seeking judicial relief. The Supreme Court discussed the history of 42 U.S.C. § 1997e (a) and its predecessor, noting that in 1996, Congress invigorated the exhaustion provision of the Prison Litigation Reform Act. [*Porter* v. *Nussle*, supra], 524. The dominant concern of the act is to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court . . . ." (Internal quotation marks omitted.) *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 262, 849 A.2d 886 (2004).

As stated by the court, the plaintiff never presented evidence that he had filed a grievance in this case. "Under Connecticut's administrative scheme, if a complaint is brought to the attention of the [department of correction] and it investigates the matter and makes conclusions based on information provided in part by an inmate, that does not relieve the inmate of [his] responsibility to follow the proper procedures if [he] decides to bring a federal [or state] action based on such claims. . . . Furthermore, the department's directives set forth the procedures for an inmate to set into motion the grievance process. . . . [G]rievances that are rejected may be appealed . . . ." (Citations omitted; internal quotation marks omitted.) Id., 263.

In this case, although the plaintiff presented evidence that he wrote letters and requests to certain MacDougall employees, he presented no evidence that a formal grievance or grievance appeal was ever filed.[2] In fact, contradicting the plaintiff's assertion was the affidavit of John Breedlove, the grievance coordinator for Mac-Dougall, which indicated that the plaintiff had never

---

[2] The plaintiff argues that his pro se status entitles him to leniency as to the requirement that he first exhaust his administrative remedies. We note that the liberal policy afforded pro se litigants does not grant them license to disregard relevant rules of procedural and substantive law. See *Zanoni* v. *Hudon*, 42 Conn. App. 70, 77, 678 A.2d 12 (1996); see also *Mercer* v. *Rodriquez*, supra, 83 Conn. App. 257 n.9.

filed a grievance or grievance appeal during his incarceration at MacDougall.[3]

We conclude that the court properly determined that there was no genuine issue as to whether the plaintiff had failed to exhaust his administrative remedies.[4] Accordingly, the court properly granted the defendants' motion for summary judgment on that ground and dismissed the plaintiff's action.

The judgment is affirmed.

---

[3] In light of the fact that the plaintiff has not filed a grievance as to his complaints and has not explained adequately why the remedies available through the grievance process would be inadequate, we cannot find merit in his argument that it would be futile for him to exhaust his administrative remedies. See *Frank* v. *Dept. of Parks & Recreation*, 78 Conn. App. 601, 607, 828 A.2d 692 ("[a]n administrative remedy, in order to be adequate, need not comport with the plaintiff['s] opinion of what a perfect remedy would be" [internal quotation marks omitted]), cert. granted on other grounds, 266 Conn. 914, 833 A.2d 465 (2003).

[4] Although the defendants additionally argue that the plaintiff also failed to exhaust his administrative remedies by not seeking a waiver of immunity from the claims commission, we need not address this argument in light of our conclusion that the judgment should be affirmed because of the plaintiff's failure to file a grievance or grievance appeal.