## DOLORES HALL v. LEONARD GALLO ET AL.

Superior Court, Judicial District of New Haven
File No. CV-03-0476708S

Memorandum filed June 26, 2007

*William S. Palmieri*, for the plaintiff.

*Hugh F. Keefe*, for the defendants.

CORRADINO, J. The defendants, Leonard Gallo, the police chief of the town of East Haven; the police

department of the town of East Haven; and the town of East Haven have filed a motion to dismiss "all claims against the East Haven Police Department." The basic position of the defendants is that the plaintiff, Dolores Hall, lacks standing to bring the claims. The first issue to decide is what claims or counts the motion is directed at; the fourth revised complaint lies in several counts. It would seem to follow that if a particular count does not make a claim against a particular defendant, the question of that plaintiff's standing to make such a claim is irrelevant and cannot form the basis of a motion to dismiss. The complaint is somewhat confusing on this score, and a request to revise would have been appropriate. Count one appears to present the greatest difficulty, and the court will review it. That count states that the plaintiff "at all relevant times . . . was employed by the town of East Haven as a crossing guard." The police chief, Gallo, is described as her supervisor, and the East Haven police department is said to be "the employer or agent of the employer of the plaintiff and of the defendant Gallo." Paragraphs five and six state that the town was and is a municipal corporation, "and the employer of the plaintiff and the defendant Gallo."

It would appear that the complaint alleges that the plaintiff was employed by the town and the police department. But it is also stated that "Gallo and the East Haven Police Department were agents, officers or employees of the defendant Town of East Haven."

The first count goes on to state that the plaintiff brought suit against certain neighbors of hers as a result of their alleged harassment. It then, in a number of paragraphs, alleges that police chief Gallo did various things designed to pressure the plaintiff into dropping the lawsuit against the neighbors, including referring to criticism about her job performance.

Paragraph nineteen then states that the plaintiff was discharged by the "defendants" for an allegedly obscene gesture aimed at a friend of one of the people she had sued. At the time of this occurrence, the plaintiff was not working, nor was she in uniform.

Paragraph twenty then goes on to allege that the plaintiff was discharged in October, 2001, "because one or more of the defendants wanted her to withdraw her lawsuit." It states that she refused to do so, and that "she complained to the defendants about how they were treating her and for exercising her lawful rights under the First Amendment to the" federal constitution and the exercise of her rights under the state constitution. The count concludes with an allegation in paragraph twenty-two that "as a direct result of the defendant Gallo's actions, the plaintiff has sustained substantial economic losses, incidental, and consequential damages."

There is no explicit claim in the first count that because of an agency relationship between Gallo and the town or the police department that either of the latter entities is being itself sued for a violation of the federal or state constitution as set forth in paragraph twenty.

The remaining counts are all prefaced by the incorporation of the first twenty-one paragraphs of count one.

Count three, in paragraph twenty-three, claims that because, apparently, of the allegations in the previous twenty-two paragraphs, the town has incurred liability to the plaintiff pursuant to General Statutes § 7-465. There is of course no claim against the police department since the statute applies only to employees of municipalities.

Count four is the only count that makes a claim against the East Haven police department. Count

twenty-three alleges that the police department's actions violated various subsections of the antidiscrimination statute, General Statutes § 46a-60. The language is somewhat confusing because the paragraph states that such violations resulted from "the defendants having enlisted its officers and employees to effect discriminatory employment acts and practices . . . including . . . termination." It is clear, however, that the count lies against the East Haven police department.

Not surprisingly, given the two employer allegation in count one, count five makes the same allegations under § 46a-60 against the town. Count seven is an intentional infliction of emotional distress claim made against Gallo individually. As with count one, there is no explicit claim that the town or the police department is responsible under ordinary agency doctrine for the tort allegedly committed by Gallo.

In her memorandum of law in reply to the defendants' motion to dismiss, the plaintiff admits to the foregoing characterization of the complaint. At page three, it states that "the plaintiff has sued the East Haven Police Department pursuant to several statutory subsections of the Connecticut Fair Employment Practices Act [act], [§ 46a-60 (a), (1), (4), (5) and (8)]," i.e., the allegations of count four. The first twenty-one paragraphs are quoted, paragraph twenty-two is left out, although it is incorporated into count four, and the allegations of that count under § 46a-60 are set forth. The whole discussion then turns to an interpretation of the act, and the significance and bearing of the term "employer" in General Statutes § 46a-51 in the context of this case.

The motion to dismiss for lack of standing can thus be directed only against count four, which the plaintiff concedes is the count directed against the East Haven police department.

I

Certain procedural aspects of dealing with a motion to dismiss are relevant to deciding the present motion. Our Supreme Court has stated that when such a motion is filed based solely on the allegations of the complaint, "we construe the pleadings broadly in favor of the plaintiff," but "although allegations of fact are to be read broadly in favor of the plaintiff, allegations that state conclusions of law are not given such presumptive validity." *Shay* v. *Rossi*, 253 Conn. 134, 140–41, 749 A.2d 1147 (2000), overruled in part on other grounds by *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003). The commentary to Practice Book § 10-31 in volume one of the Connecticut Practice Series by Wesley W. Horton and Kimberly A. Knox at page 478 et seq. makes further relevant points. Citing Justice Borden's opinion in *Reitzer* v. *Board of Trustees of State Colleges*, 2 Conn. App. 196, 201, 477 A.2d 129 (1984), they state that "there is a distinction between standing to claim a cause of action and the validity of the cause of action. The latter should not be decided under the guise of standing." W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Rules (2007 Ed.) § 10-31, p. 478.

Also, when a motion to dismiss is filed, a defendant may file affidavits to introduce facts outside the record; when deciding a jurisdictional issue, the court is "not obliged to assume the truth of the plaintiff's factual allegations . . . ." *Bradley's Appeal from Probate*, 19 Conn. App. 456, 462, 563 A.2d 1358 (1989). As further pointed out by Knox and Horton, when there is a disputed issue of fact, due process even requires an evidentiary hearing. W. Horton & K. Knox, supra, p. 479.

II

The court will now review the defendants' argument. The defendants rely on several well reasoned cases for

the proposition that "municipal police departments do not constitute an independent legal entity amenable to suit." *Disabella* v. *West Hartford*, Superior Court, judicial district of Hartford, Docket No. CV-04-0832044S (November 15, 2005) (*Keller, J.*); see also *Himmelstein* v. *Windsor*, Superior Court, judicial district of Hartford, Docket No. CV-05-4013928S (May 16, 2006) (*Keller, J.*); *Weitz* v. *Greenwich Police Dept.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-04-0200464S (January 10, 2005) (*Jennings, J.*) (38 Conn. L. Rptr. 512). *Disabella* involved a claim for injuries allegedly resulting from an arrest. *Weitz* arose out of a claimed use of excessive force in making an arrest, which was alleged to be false. *Himmelstein* was brought for injuries caused by the plaintiff's collision with a radar trailer set up on the side of a road by the police. All these cases dismissed or struck the action against the respective police departments.

*Disabella* points out that our statutes "contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipalities they serve, or providing that they have the capacity to sue or be sued." *Disabella* v. *West Hartford*, supra, Superior Court, Docket No. CV-04-0832044S. On the other hand, General Statutes § 7-148 c (1) provides in relevant part that municipalities may "sue and be sued . . . ." *Weitz* is to the same effect and cites federal cases that hold that although municipalities are subject to suit pursuant to 42 U.S.C. § 1983, a police department cannot be so sued—a police department "is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function." *Reed* v. *Drew*, United States District Court, Docket No. 3:03CV2147 (SRU) 2004 WL 813028 (D. Conn. April 6, 2004). The court agrees with the holdings of these cases in light of the statutory scheme allowing only municipalities to be sued or be sued in cases involving common-law torts, for example.

But the significant observation to be made concerning these cases for the purposes of this motion is that *Disabella* and *Weitz* search the state statutes to ascertain whether municipal departments such as police departments can be sued. As just mentioned, *Weitz* notes that there is "no [statutory] provision providing that municipal police departments constitute a legal entity separate and apart from the municipality they serve, or that they have the power to sue or be sued." *Weitz* v. *Greenwich Police Dept.*, supra, 38 Conn. L. Rptr. 513. A necessary corollary of turning to the statutes for guidance is to say that, if it so wishes, the state legislature can in fact authorize a police department to be sued, what *Reed* describes as a "sub-unit" or "agency" of a municipality. Federal procedure recognizes this truism; for example, rule 17 (b) of the Federal Rules of Civil Procedure for the guidance of the district courts states that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . ." Fed. R. Civ. P. 17 (b).

A

To determine the merits of the issue now before the court, then, it is necessary to look at the statute, § 46a-60, and relevant sections of the act. Can § 46a-60 itself and the act be said by its terms to allow suit against police departments? If so, the plaintiff has standing to sue that entity, and the court has subject matter jurisdiction over count four. Count four alleges violations of various subsections of § 46a-60. That statute makes it a "discriminatory practice" for an "employer" to engage in certain acts. The act has a definitional section: § 46a-51 (10) defines "employer" broadly in the following manner: " 'Employer' includes the state and all political subdivisions thereof and means any person or employer with three or more persons in such person's or employer's employ . . . ." General Statutes § 46a-51 (10).

The complaint alleges that the plaintiff was an employee of the police department, which was her employer. No affidavits have been filed or evidentiary hearing requested to refute the complaint's allegations that the department is an employer of the plaintiff or that pursuant to state statute, the town has not set up the department as a subunit or agency to fulfill its policing obligations. There is no representation that the police department was not established pursuant to General Statutes § 7-274 et seq. or the General Statutes that provide for a functioning policing agency run by a board of police commissioners (§ 7-274) having powers given to them to so run a police department by the General Statutes (General Statutes § 7-276).

It therefore appears to the court that the state legislature has authorized § 46a-60 actions against all employers whether municipal, private or agencies or subunits of state or local government; such actions could be brought then against police departments.

A contrary result would lead to odd results. In other words, General Statutes § 46a-104 provides that in one of these § 46a-60 cases that proceed to Superior Court, temporary or permanent injunctive relief may be granted. If a police department cannot be sued for discriminatory practices under the statute but injunctive relief is warranted, would the relief run against the town, which is the only proper party? Would it not run against the police department and its commissioners or the commanding officer? Would it run against it and them only on some agency theory?

Also, if an entity such as a police department cannot be sued under § 46a-60, numerous trial courts have been improperly allowing § 46a-60 suits against agencies, which are creatures of state or local government and concerning which the court is not aware that the legislature has stated that these entities could sue or not be

sued. See *Roman* v. *Dept. of Correction*, Superior Court, judicial district of New Britain, Docket No. CV-05-5000278 (August 11, 2006); *Galligan* v. *Milford Public Schools*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-04-0085584S (January 27, 2006); *Kearns* v. *State*, Superior Court, judicial district of New Britain, Docket No. CV-02-0515773S (June 24, 2003); *Prokoski* v. *Dept. of Mental Retardation*, Superior Court, judicial district of Fairfield, Docket No. CV-01-0385684S (July 11, 2002); *Nwachukwu* v. *Dept. of Labor*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-97-0573595-S (December 17, 1997) (21 Conn. L. Rptr. 553); *Brittell* v. *Dept. of Correction*, Superior Court, judicial district of New Haven, Docket No. CV-93-0351853-S (September 8, 1997); *Campbell* v. *Parking Authority*, Superior Court, judicial district of Danbury, Docket No. 317859 (September 6, 1995); *Cotter* v. *Dept. of Revenue*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-92-0452412S (February 10, 1993) (8 C.S.C.R. 239).

Finally, the court would note that the definitional section, § 46a-51, applies to all sections of chapter 814c of the General Statutes, titled "Human Rights and Opportunities," including, of course, § 46a-60. That § 46a-51 (10), which defines "employer," was meant to be given a broad meaning is underlined by reading General Statutes §§ 46a-79 and 46a-81 together, which are also part of chapter 814c. Section 46a-79 reads as follows: "Sec. 46a-79. (Formerly Sec. 4-61n). State policy re employment of criminal offenders. The General Assembly finds that the public is best protected when criminal offenders are rehabilitated and returned to society prepared to take their places as productive citizens and that the ability of returned offenders to find meaningful employment is directly related to their normal functioning in the community. It is therefore the

policy of this state to encourage all *employers* to give favorable consideration to providing jobs to qualified individuals, including those who may have criminal conviction records." (Emphasis added.)

Section 46a-81 (b) provides in relevant part that § 46a-79 "shall not be applicable to any law enforcement agency . . . ." If the drafters of § 46a-51 had contemplated that law enforcement agencies like police departments were not to be included in the definition of "employer," there would be no need for § 46a-81 (b).

### B

In examining the issue before the court, it is also helpful to look at General Statutes § 31-72, which permits a worker to move to collect statutorily authorized wages. The statute provides in relevant part: "When any employer fails to pay an employee wages in accordance with [certain named statutes] such employee . . . may recover, in a civil action, twice the full amount of such wages . . . ." General Statutes § 31-72. "Employer" is defined in General Statutes § 31-71a, which provides in relevant part: "(1) 'Employer' includes any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof . . . ." In *Frank* v. *Dept. of Parks & Recreation*, 78 Conn. App. 601, 828 A.2d 692, cert. granted, 266 Conn. 914, 833 A.2d 465 (2003) (appeal withdrawn March 19, 2004), an action was brought under § 31-72. The trial court dismissed the case on the ground that the plaintiff union member had failed to exhaust the grievance procedure under the collective bargaining agreement; therefore, the trial court concluded, it had no subject matter jurisdiction. Id., 603. The Appellate Court reversed, stating that the arbitrator under the

agreement had no authority to grant the plaintiff the relief sought. Id., 609–10.

The "employer" definition in § 31-71a is arguably not even as broad as that set forth in § 46a-51 (10), but the *Frank* court raised no subject matter jurisdiction problem in light of the fact that the entity sued was the department of parks and recreation—where in the statutes is such a department a legal entity separate from the city, and where is it given the power to sue or be sued? No such general power is given, but, specifically, the right to sue such an agency of the city is necessitated by § 31-71a. True, there is no indication that the issue of lack of subject matter jurisdiction was raised on a ground similar to the one in this case, but an appellate court like a trial court can raise subject matter jurisdiction sua sponte. *Board of Education* v. *Naugatuck*, 58 Conn. App. 632, 633–34, 755 A.2d 297 (2000), rev'd on other grounds, 257 Conn. 409, 778 A.2d 862 (2001). The *Frank* court did not raise the issue, although it was dealing with subject matter jurisdiction, albeit on a different ground. These observations regarding §§ 31-71a and 31-72 are, at least in the court's opinion, also relevant to the present motion to dismiss as to count four and its claim pursuant to § 46a-60, and provide an added reason not to grant this motion.

In any event, for all the foregoing reasons, the motion to dismiss is denied.